UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

D-5 SHAFIQ UR REHMAN,

    Defendants.

Case No. 23-cr-20063

Hon. Jonathan J.C. Grey

---

**GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTION TO SEVER [ECF No. 142 and No. 144]**

---

Defendant Shafiq Ur Rehman moves to sever Count 1 and 2 of the Indictment (ECF No. 145).[1] As explained below, the Court should adhere to the strong judicial preference for joint trials and deny the motion because Defendant Rehman fails to establish that joinder was improper or that he would suffer sufficient prejudice from a joint trial.

---

[1] On May 7, 2025, Defendant Montaha Hogeige (D-6) filed a one-page joinder to Defendant Rehman's Motion to Sever Counts 1 and 2 (ECF No. 144). Defendant Hogeige is not charged in Count 1 or 2, and has previously moved to sever Count 5, the count in which she is charged (ECF No. 135). The government filed its Response to Defendant Hogeige's prior motion (ECF No. 136). It remains unclear for what reason or on what basis Defendant Hogeige has joined Defendant Rehman's instant motion.

## BACKGROUND

On January 25, 2023, a federal grand jury returned an eight-count Indictment in connection with a health care fraud scheme that spanned from 2015 through 2023. Defendant Rehman was charged with one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 (Count 1) along with Defendants Radwan Malas, Alex Mataverde, and Cornelius Oprisiu, and Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Count 2) along with Defendant Malas (ECF No. 1). The charge relates to Rehman's conduct while working as a nurse practitioner contracted to Infinity Visiting Physician Services, PLC ("Infinity"), a visiting physician practice owned by Defendant Malas.

As a contractor for Infinity, Defendant Rehman performed various medically unnecessary services, which included his administration of B-12 and Toradol injections. Additionally, Defendant Rehman used high-billing codes for services when those services were not provided as represented—specifically, codes for (a) "initial home visits of 75 minutes in length, face-to-face with the patient, or otherwise required medical decision making of high complexity (Code 99345)", and (b) "established patient home visits of 60 minutes in length, face-to-face with the patient, or otherwise required medical decision making of moderate to high complexity (Code 99350)". (*Id.* at PageID. 6, ¶ 16.)

Defendant Rehman now moves the Court to sever Counts 1 and 2. The motion appears to contest both Defendant Rehman's joinder within Counts 1 and 2 with other defendants as well as the joinder of Counts 1 and 2 with Counts 3-8 in the indictment. For example, Defendant Rehman initially seeks "a separate trial *for this defendant* on [Counts 1 and 2]," however, in the conclusion Defendant Rehman asks that the "Court…sever Counts 1 and 2 and hold separate trials on such counts" without limiting the request to Defendant Rehman (*compare* ECF No. 142, PageID.590 *and* PageID.602). The specific relief Defendant Rehman seeks is thus unclear. It is even less clear how Defendant Hogeige's joinder is at all applicable to the arguments made by Defendant

Regardless, Defendant Rehman's arguments are without merit and should be denied.

### **LEGAL STANDARD**

Federal Rule of Criminal Procedure 8(b) permits the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "For the sake of promoting efficiency and avoiding the potential for inconsistent verdicts, joint trials of defendants who are indicted together are actually encouraged rather than discouraged." *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *see also*

3

*Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987).  The preference for joint trials is particularly true in cases involving conspiracy counts, where the charges against the defendants will be proven by the same evidence. *See Cope*, 312 F. 3d at 780 (citing *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1992)); *United States v. Ferguson*, 844 F. Supp. 2d 810, 826 (E.D. Mich. 2012) (Lawson, J.) (quoting *Cope*).

Pursuant to the Federal Rules of Criminal Procedure, severance is appropriate only when the dominant public interest in joint trials is outweighed by the risk of substantial prejudice arising from case-specific problems.  *See* Fed. R. Crim. P. 14(a).  However, a district court should only grant severance under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of [the defendant] or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. at 539.

The standard for severance under Rule 14(a) is thus "very stringent." *United States v. Norwood*, 50 F.Supp.3d 810, 822 (E.D. Mich. 2014) (Goldsmith, J.).  A defendant seeking severance must show "compelling, specific, and actual prejudice from [the] court's refusal to grant the motion to sever." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008).  A defendant is <u>not</u> entitled to severance merely because she has a better chance of acquittal in a separate trial, *Zafiro,* 506 U.S. at 540, because the evidence against a co-defendant is more damaging, *United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987), or because the proof is greater

4

against a co-defendant, *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992).

Even if the risk of prejudice is high, the Supreme Court and the Sixth Circuit have held that Rule 14 does not mandate severance: "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *United States v. Khalil,* No. 22-CR-20200, 2024 WL 3236808, at *3 (E.D. Mich. June 28, 2024) (Goldsmith, J.) (quoting *Zafiro*, 506 U.S. at 539). The Sixth Circuit has repeatedly held that while joint trials always present some risk of cumulative evidence or transference of guilt, juries are presumed to be able to "sort[] out the evidence and consider[] the case of each defendant separately." *See e.g. Causey*, 834 F.2d at 1288 and *Driver*, 535 F.3d at 427 (both quoting *Warner*, 971 F.2d at 553). "A request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *Causey*, 834 F.2d at 1287.

## ARGUMENT

### A. Defendant Rehman was Properly Joined Under Rule 8(b)

Defendant Rehman contends that a "sufficient nexus does not exist between Rehman and Counts 3 through 8 to enable joinder with his codefendants on those counts." (ECF No. 142, PageID.7). Rule 8(b) specifically acknowledges that, when joining defendants, the "defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). The relevant

5

caselaw across the circuits, however, holds that there must be a connection between the counts and that a group of acts or transactions constitutes a "series", as described in Rule 8(b), if "they are logically interrelated." *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985) *citing United States v. Corbin,* 734 F.2d 643, 649 (11th Cir.1984); *United States v. Cavale,* 688 F.2d 1098, 1106 (7th Cir.), *cert. denied,* 459 U.S. 1018, 103 S.Ct. 380, 74 L.Ed.2d 513 (1982); *United States v. Ford,* 632 F.2d 1354, 1371–72 (9th Cir.1980).

Here, applying the standard which strongly favors joinder, this Court should find that Counts 1 and 2 are "logically interrelated" to Counts 3-8 and are therefore properly joined. Defendant Rehman's argument hinges on the fact that "the only relationship between the defendant and any entity listed in the indictment is Rehman's independent contract with Infinity." (ECF No. 142, PageID.597). This is factually incorrect (certainly Defendant Rehman was also connected to Defendant Malas, who is also charged as Defendant Rehman's co-conspirator in Counts 1 and 2, and is also charged in Counts 3-8). It also misunderstands the Indictment. All of the Indictment's counts relate to essentially the same conduct: the longstanding scheme orchestrated by Malas, with agreement from providers like Rehman, to defraud Medicare, by and through Infinity, which took several forms. Rehman is, therefore, charged as a result of his actions in furtherance of the broader fraud conspiracy. Infinity, the company for whom Defendant Rehman provided services, is the connective tissue between each and every charge. For that reason, Defendant Rehman's argument that the charges

against him are separate and apart from the "kickback conspiracy" and the money laundering charge should be rejected. (ECF No. 142, PageID.601.)

The charges in the Indictment are thus logically interrelated and therefore joinder under Rule 8(b) was proper.

### B. Defendant Rehman Fails to Make Any Showing of Prejudice Under Rule 14

Defendant Rehman fails to identify the "compelling, specific and actual prejudice" required for a court to grant a severance motion under Rule 14. *See Driver*, 535 F.3d at 427. Defendant Rehman does not point to "any specific item of evidence that would be prejudicial to [her] if introduced." *United States v. Ferguson*, 844 F. Supp. 2d 810, 827 (E.D. Mich. 2012) (Lawson, J.) (quoting *Warner*, 971 F.2d at 1196). Her "[g]eneral allegations [of prejudice] are not sufficient to outweigh the public's interest in avoiding multiple litigation." *See United States v. McCoy*, 848 F.2d 743, 744-45 (6th Cir. 1988).

For this reason alone, Defendant Rehman's motion should be denied.

### C. There is No Risk of Substantial Prejudice Due to Evidentiary Spillover

Setting aside Defendant Rehman's failure to meet the heavy burden of demonstrating the requisite prejudice to justify severance, the Defendant's primary argument is that Defendant Rehman would suffer prejudice due to evidentiary spillover. (ECF No. 142, PageID.600). To support his argument, Defendant

7

Rehman lists various categories of discovery that the government has produced, including bank records, corporate filing documents, payroll records, phone records and witness interview reports. (ECF No. 142, PageID.599-600).

It is well-known, and indeed required, that the government will produce significant amounts of information that was collected during the investigation that will not be used in its case-in-chief. In his motion, Defendant Rehman points to no specific piece of evidence or category of evidence that would cause him substantial prejudice. Rather, he points only to the fact that there is a lot of discovery, which has no bearing on the pertinent question of whether evidence spillover will substantially prejudice him at trial. Notably, Defendant Rehman neglects to mention the extensive discovery pertaining to the charges against him. (*See* May 14, 2025, Government response to Defendant Rehman's motion for bill of particulars.)

The government does not dispute that there will be evidence introduced at trial that will be relevant to defendants other than Defendant Rehman. However, contrary to Defendant Rehman's motion, it is not the mere fact of a "risk of a 'spillover' effect" (ECF No. 142, PageID.600) that was of concern to the Supreme Court in *Zafiro*, the Court required was concerned with "substantial prejudice" to justify severance. 506 U.S. at 540.

The mere fact of additional charges against one defendant is insufficient to constitute the degree of prejudice that justifies severance. *See e.g. United States v.*

8

*Gray*, 173 F.Supp.2d 1, 10 (D.D.C.2001) (citing *Blumenthal v. United States*, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947)). Moreover, Fed. R. Crim. P. 8(b) explicitly permits the joinder of counts in which all defendants are not charged. This necessarily means that Defendant Rehman's concern that the factfinder may see or hear evidence which only concerns co-defendants is not, alone, objectionable. To the contrary: such a scenario is specifically contemplated by, and permissible under, the Federal Rules. (ECF No. 142, PageID.600).

To the extent that Defendant Rehman seeks a separate trial *as to him* only, a separate trial for Defendant Rehman alone on Counts 1 and 2 would necessitate calling the same witnesses and introducing the same evidence at separate trials for his co-defendants. Conducting two trials of the same conspiracy (Count 1) and same fraudulent billing conduct (Count 2) would be enormously duplicative and waste court time and resources. The factual, evidentiary, and witness overlap between the charges against co-defendants is precisely why the United States Supreme Court and the Sixth Circuit Court of Appeals strongly favor joinder.

For this additional reason, the motion should be denied.

**D. Any Perceived Prejudice Can be Addressed with Limiting Instructions**

To the extent there is determination that the jury may improperly consider evidence related to the other charged counts in assessing Defendant Rehman's

9

culpability, the Court may craft limiting instructions that address any potential prejudice. Trial courts have wide latitude to fashion appropriate remedies to address any concerns of prejudice resulting from differences between charges, evidence and culpability in joint trials. *See Zafiro*, 506 U.S. at 539; *Norwood*, 50 F.Supp.3d at 823.

## CONCLUSION

For the reasons discussed herein, Defendant Rehman (and by joinder, Defendant Hogiege) has failed to meet the heavy burden of demonstrating that there is a risk of substantial prejudice that can only be cured by severance of Counts 1 and 2 as to Defendant Rehman, nor is such a showing possible. The defendant's motion to sever should therefore be denied.

| | |
|---|---|
| Dated: May 14, 2025 | Respectfully submitted, |
| | LORINDA I. LARYEA<br>Acting Chief, Fraud Section |
| | DUSTIN M. DAVIS<br>Chief, Health Care Fraud Unit |
| | JERMONE F. GORGON JR.<br>United States Attorney |
| | <u>/s/ Natalie R. Kanerva</u><br>NATALIE R. KANERVA<br>RYAN ELSEY<br>SYED AHMADUL HUDA<br>Trial Attorneys<br>U.S. Department of Justice<br>Criminal Division, Fraud Section<br>211 W. Fort St., Suite 2001<br>Detroit, MI 48226<br>(202) 603-3180<br>natalie.kanerva@usdoj.gov |

## CERTIFICATE OF SERVICE

     I hereby certify that on May 14, 2025, I filed the foregoing document with the Clerk of the Court using the ECF system, which will send notice of the filing to counsel of record.

                                            */s/ Natalie R. Kanerva*
                                            Natalie R. Kanerva
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Criminal Division, Fraud Section
                                            211 W. Fort St., Suite 2001
                                            Detroit, MI 48226 (202) 674-6617
                                            natalie.kanerva@usdoj.gov